IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF HUSTON BOND BY PERSONAL REPRESENTATIVE TONI WATKINS, <br><br> Plaintiff, <br><br> OSCAR MARTINEZ, in his official capacity as SHERIFF OF LAKE COUNTY; COUNTY OF LAKE; KIMBERLY O'CONNOR, individually and in her official capacity as Jail Administrator of Lake County Jail; Dr. WILLIAM FORGEY, individually and in his official capacity as Medical Director of Lake County Jail; UNKNOWN AGENTS, SERVANTS OR EMPLOYEES OF THE LAKE COUNTY JAIL CORRECTIONALHEALTH INDIANA,INC.; and UNKNOWN EMPLOYEES OF CORRECTIONALHEALTH INDIANA, INC. <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

# COMPLAINT

Now comes Plaintiff, ESTATE OF HUSTON BOND, BY PERSONAL REPRESENTATIVE TONI WATKINS by and through her attorney, PATRICK W. YOUNG, and complaining of Defendants, OSCAR MARTINEZ, in his official capacity as SHERIFF OF LAKE COUNTY; COUNTY OF LAKE; KIMBERLY O'CONNOR, individually and in her official capacity as Jail Administrator of Lake County Jail; DR. WILLIAM FORGEY, individually and in his official capacity as Medical Director of Lake County Jail, CORRECTIONAL HEALTH INDIANA, INC., and UNKNOWN EMPLOYEES OF CORRECTIONAL HEALTH INDIANA, INC. (collectively, "Defendant Medical Care Providers"); and

and UNKNOWN AGENTS, SERVANTS OR EMPLOYEES OF THE LAKE COUNTY JAIL (collectively, "Defendant Officers"), states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Huston Bond's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) and (c). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

### The Parties

4. Huston Bond was at all times relevant to this Complaint a pretrial detainee in the custody of the Lake County Sheriff, Oscar Martinez, at the Lake County Jail, 2293 N. Main Street, Crown Point, IN  46307.

5. The Lake County Jail is operated by the Lake County Sheriff, Defendant, Oscar Martinez.

6. At all times relevant to the events at issue in this case, Defendant Martinez was the duly elected Sheriff of Lake County, Indiana.  As such, Defendant Martinez was acting under color of law.  He is sued in his official and individual capacities.

7. At all times relevant to the events at issue in this case, Defendant Martinez promulgated rules, regulations, policies, and procedures as Sheriff of Lake County for the provision of certain medical care by medical personnel and correctional officers, including administration of medical treatment and medication, to detainees at the Lake County Jail.

Defendant Martinez's policies were implemented by and through Jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

8. At all times relevant to the events at issue in this case, Defendant Martinez promulgated rules, regulations, policies, and procedures as Sheriff for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Martinez's policies were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

9. At all times relevant to the events at issue in this case, Defendant Martinez, as Sheriff of Lake County, was the final policymaker for the Lake County Sheriff's Department and the Lake County Jail.

10. Defendant County of Lake is a County of the State of Indiana. It oversees the Lake County Sheriff's Department, which, in turn, operates the Lake County Jail.

11. At all times relevant to the events at issue in this case, Defendant, Kimberly O'Connor, was employed by the Lake County Sheriff's Department as the Jail Administrator. As such, Defendant, O'Connor, was acting under color of law. She is sued in her official and individual capacities. In her role as Jail Administrator, Defendant O'Connor was responsible for ensuring that the Jail provided lawful treatment and care to the Jail detainees and that the practices of the Jail complied with federal and state requirements for the treatment of detainees, including that detainees are provided with proper medical care. Defendant, O'Connor, had

personal knowledge that detainees were not being provided with proper medical care, and thus that the Jail, its employees, and its contractors were not meeting their obligations to provide proper medical care, and Defendant O'Connor implemented, enforced, and/or condoned such practices.

12. At all times relevant to the events at issue in this case, Defendant Dr. William Forgey was medical director of Lake County Jail.  As medical director, Defendant Forgey had responsibility for overseeing the Jail's medical department, and for responding to detainees' health and medical needs that were brought to his attention.  The health and medical needs of Plaintiff, and the injuries that Plaintiff was suffering as a result of the Jail's policies and practices, were brought to the attention of Defendant Forgey, and Forgey was deliberately indifferent to them.

13. At all times relevant to the events at issue in this case, Defendant employed numerous known and unknown agents, servants and employees as medical professionals at Lake County Jail with an obligation to provide adequate medical care to patients at the Lake County Jail under their care.  The health and medical needs of Plaintiff, and the injuries that Plaintiff was suffering as a result of the Jail's policies and  practices, were brought to the attention of Defendant, unknown agents, servants or employees of the Lake County Jail and were deliberately indifferent to them.

14. At all times relevant to the events at issue in this case, Defendant, Dr. Forgey was a medical professional at Lake County Jail with an obligation to provide adequate medical care to patients at the Lake County Jail under his care.  The health and medical needs of Plaintiff, and the injuries that Plaintiff was suffering as a result of the Jail's policies and practices, were brought to the attention of Defendant, unknown agents, servants or employees of the Lake County Jail on were deliberately indifferent to them.

15. At all times relevant to the events at issue in this case, Defendants were jail employees employed by the Lake County Jail.

16. At all times relevant to the events at issue in this case, Defendant was a jail employee employed by the Lake County Jail.

17. Defendant, unknown agents, servants or employees of the Lake County Jail were employees of Lake County Jail at all times relevant to the events at issue in this case.  Defendant, unknown agents, servants or employees of the Lake County Jail were responsible for responding to the serious needs of Jail detainees that were brought to her attention. The health and medical needs of Plaintiff, and the injuries that Plaintiff was suffering as a result of the Jail's policies and practices, were brought to the attention of of Defendant, unknown agents, servants or employees of the Lake County Jail failed to act to remedy or cause to have remedied Plaintiff's suffering.

18. At all times relevant to the events at issue in this case, Unknown Employees, Agents and/or Servants of Lake County Jail were employed by the Lake County Sheriff's Department and worked at the Lake County Jail as correctional officers. As such, these Defendants were acting under color of law.

19. Defendant Correctional Health Indiana, Inc. ("Correctional Health"), is a for profit Indiana Corporation with its principal place of business at 817 Veterans Lane, Crown Point, Indiana 46307.  At all times relevant to the events at issue in this case, Defendant Correctional Health contracted with Lake County and the Lake County Sheriff's Department to provide medical evaluation, care, treatment, and medication to detainees incarcerated at the Lake County Jail.  In its capacity as a contractor to the Lake County Jail, Defendant Correctional Health was, at all relevant times, acting under color of law.

20. At all times relevant to the events at issue in this case, Defendant Correctional Health, in its capacity as contractor to the Lake County Jail, promulgated rules, regulations, policies, and procedures for the provision of certain medical care by medical personnel and correctional officers, including administration of medical care and medication, to detainees at the Lake County Jail. Defendant Correctional Health's policies were implemented by and through Jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

21. At all times relevant to the events at issue in this case, Defendant Correctional Health, in its capacity as contractor to the Lake County Jail, promulgated rules, regulations, policies and procedures for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Correctional Health's policies were implemented by and through Jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

22. At all times relevant to the events at issue in this case, Defendants and Unknown Agents, Servants and/or Employees of Correctional Health had the responsibility to provide evaluation, care, treatment, and medication to detainees incarcerated at the Lake County Jail.

## Facts

23. That from on or about January 31, 2022 until March 20, 2022, Huston Bond was in custody at the Lake County Jail as a pre-trial detainee.

24. That Huston Bond's death was caused as a result of the following actions or inactions by the Defendants:

a. Failing to ensure that Huston Bond received necessary medical procedures;

b. Failing to ensure that Huston Bond received necessary mediations;

c. Acting with deliberate indifference to Huston Bond's medical condition even though the condition worsened;

d. Failing to recognize that Huston Bond was exhibiting obvious signs of a seriously deteriorating medical condition;

e. Acted with deliberate indifferent to said deteriorating condition.

25. That Huston Bond's mother, Toni Watkins, notified the Defendants on a daily basis that Huston Bond's medical needs were not being met.

26. That Huston Bond suffered from the following medical conditions:

a. Post heart transplant August 2019;

b. Legal blindness;

c. Extensive cardiac history including the fact that while in Defendant's care he was in heart rejection mode;

d. Kidney Failure;

e. Cardiomyopathy; and

f. Congestive heart failure.

27. That Toni Watkins notified the Defendants that Huston Bond's medications were not current.

28. That on or about February 4, 2022 the Defendants referred Huston Bond for a consultation with Dr. Majo Kamboor.

29. That in relevant part Dr. Kamboor's report to the Defendant says "patient needs to follow-up with heart transplant center for further monitoring especially with history of rejection."

30. That no such follow-up with Huston Bond's heart transplant center ever occurred and Huston Bond died in Defendant's care on March 20, 2022.

31. That on March 8, 2022, approximately 12 days before Huston Bond's death, Dr. William Forgey sent Plaintiff's counsel an email which indicates that the Defendants had actual knowledge that Huston Bond's medical needs could not be adequately met by the Defendants at the Lake County Jail and that death was imminent if he was not transferred to a proper medical facility.

32. Yet Huston Bond remained at the Lake County Jail and died there on March 20, 2022.

## Count I – 42 U.S.C. § 1983
## Denial of Medical Care
## Against All Defendants

33. Each paragraph of this Complaint is incorporated as if restated fully herein.

34. As described more fully above, Defendants had notice of Plaintiff's medical need and the seriousness of his medical need, and yet, they failed to provide him with necessary medical attention, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

35. As a result of Defendants' unjustified and unconstitutional conduct, Plaintiff died on March 20, 2022.

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

37. Alternatively, Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of others.

38. At all times relevant to the events at issue in this case, Defendant Correctional Health contracted with Lake County and Lake County Sheriff's Office to provide health care to inmates incarcerated at Lake County Jail, including Plaintiff. In such capacity, Defendant Correctional Health acted under color of law, and, as the provider of health care services to inmates incarcerated at Lake County Jail, was responsible for the creation, implementation, oversight, and supervision of all policies and procedures followed by Correctional Health employees who were health care providers to inmates incarcerated at Lake County Jail.

39. Plaintiff's injuries were proximately caused by policies and practices of Defendants Sheriff Martinez, Jail Administrator O'Connor, Medical Director Forgey and Correctional Health.

40. In addition, as of January 2022, Defendants, Sheriff Martinez and Jail Administrator O'Connor, had notice of widespread policies and practices by health care and corrections employees at Lake County Jail pursuant to which inmates with serious medical conditions, such as Plaintiff, were routinely denied access to proper medical diagnosis and treatment. It is common at the Lake County Jail to observe inmates with clear symptoms of serious medical illness, injury, or conditions who frequently ask for medical care or to see a doctor, whose requests are routinely delayed or completely ignored by health care and corrections employees.

41. Specifically, there exist widespread policies or practices at Lake County Jail pursuant to which inmates are provided with inadequate health care, including policies and practices pursuant to which: (1) health care personnel commonly respond inadequately to inmates who have requested medical attention or medication or asked to see a doctor; (2) health care personnel commonly respond inadequately to inmates who exhibit obvious signs of a serious medical condition or illness; (3) health care personnel commonly fail to adequately examine inmates with a serious medical condition; (4) health care personnel with inadequate training, qualifications, and experience are charged with the responsibility of screening and evaluating inmate complaints and requests for medical care; (5) health care personnel fail to provide timely health care to inmates; (6) inadequate levels of jail and health care staffing are maintained; (7) emergency medical care is inadequately provided to inmates; (8) corrections personnel commonly fail or refuse to respond adequately when inmates request medical attention or ask to see a doctor; (9) corrections personnel commonly fail or refuse to respond adequately to inmates who exhibit obvious signs of a serious medical condition or illness; (10) inmates are denied timely and necessary specialty care from outside providers; and (11) inmates are denied adequate continuity of care and discharge planning.

42. These widespread policies and practices were allowed to flourish because Defendant, Jail Administrator O'Connor, who oversees health care and corrections employees at Lake County Jail, and Defendant Sheriff Martinez directly encourage and are thereby the moving forces behind the very type of misconduct at issue by failing to adequately train and supervise health care and corrections employees, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Plaintiff.  In this way, Defendant Jail Administrator O'Connor and Defendant Sheriff Martinez

violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

43. The above-described widespread policies and practices, so well settled as to constitute de facto policy at Lake County Jail, were able to exist and thrive because governmental policymakers with authority over the same, namely, Defendants, Sheriff Martinez and Jail Administrator O'Connor, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

44. In addition, as of January 2022, Defendants, Medical Director Forgey, and Unknown Employees of Lake County Jail, had notice of widespread policies and practices by employees at Lake County Jail pursuant to which inmates with serious medical conditions, such as Plaintiff, were routinely denied access to proper or sufficient medical diagnosis and treatment. It is common at Lake County Jail to observe inmates with clear symptoms of serious medical illness, injury, or conditions who frequently ask for medical care or to see a doctor, whose requests are routinely delayed or completely ignored by health care employees.

45. Specifically, there exist widespread policies or practices at Lake County Jail pursuant to which inmates are provided with inadequate health care, including policies and practices pursuant to which: (1) health care personnel commonly respond inadequately to inmates who have requested medical attention or medication or asked to see a doctor; (2) health care personnel commonly respond inadequately to inmates who exhibit obvious signs of a serious medical condition or illness; (3) health care personnel commonly fail to adequately examine inmates with a serious medical condition; (4) health care personnel with inadequate training, qualifications, and experience are charged with the responsibility of screening and evaluating inmate complaints and requests for medical care; (5) health care personnel fail to provide timely health care to inmates; (6) inadequate levels of jail and health care staffing are

maintained; (7) emergency medical care is inadequately provided to inmates; (8) corrections personnel commonly fail or refuse to respond adequately when inmates request medical attention or ask to see a doctor; (9) corrections personnel commonly fail or refuse to respond adequately to inmates who exhibit obvious signs of a serious medical condition or illness; (10) inmates are denied timely and necessary specialty care from outside providers; and (11) inmates are denied adequate continuity of care and discharge planning.

46. These widespread policies and practices are allowed to flourish because Defendants, Medical Director Forgey, and Unknown Agents, Servants and/or Employees of the Lake County Jail, directly encourage and are thereby the moving force behind the very type of misconduct at issue by failing to adequately train and supervise health care personnel and corrections officers, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Plaintiff. In this way, Defendants, Medical Director Forgey, and Unknown Employees of Lake County Jail, violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

47. The above-described widespread policies and practices, so well settled as to constitute de facto policy in Lake County Jail, were able to exist and thrive because governmental policymakers with authority over the same, namely, Defendants, Medical Director Forgey, and Unknown Employees of Lake County Jail, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

48. In addition, as of January 2022, Defendant, Correctional Health, had notice of a widespread policy or practice by health care personnel at Lake County Jail pursuant to which inmates with serious medical conditions, such as Plaintiff, were routinely denied access to proper or sufficient medication and medical diagnosis and treatment. It is common at Lake County Jail

to observe inmates with clear symptoms of serious medical illness, injury, or conditions who frequently ask for medical care or to see a doctor, whose requests are routinely delayed or completely ignored by health care personnel.

49. Specifically, there exist widespread policies or practices at Lake County Jail pursuant to which inmates are provided with inadequate health care, including policies and practices pursuant to which: (1) health care personnel commonly respond inadequately to inmates who have requested medical attention or medication or asked to see a doctor; (2) health care personnel commonly respond inadequately to inmates who exhibit obvious signs of a serious medical condition or illness; (3) health care personnel commonly fail to adequately examine inmates with a serious medical condition; (4) health care personnel with inadequate training, qualifications, and experience are charged with the responsibility of screening and evaluating inmate complaints and requests for medical care; (5) health care personnel fail to provide timely health care to inmates; (6) inadequate levels of health care staffing are maintained; (7) emergency medical care is inadequately provided to inmates; (8) inmates are denied timely and necessary specialty care from outside providers; and (9) inmates are denied adequate continuity care and discharge planning.

50. These widespread policies and practices are allowed to flourish because Defendant Correctional Health, which directs the provision of health care services at Lake County Jail, directly encourages and is thereby the moving force behind the very type of misconduct at issue by failing to adequately train and supervise health care personnel, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Plaintiff. In this way, Correctional Health violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

51. The above-described widespread policies and practices, so well settled as to constitute de facto policy in Lake County Jail, were able to exist and thrive because governmental policymakers with authority over the same, namely, Defendant, Correctional Health, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

52. Plaintiff's injuries were caused by employees of Lake County and Correctional Health, including but not limited to the individually named Defendants, who acted pursuant to the foregoing policies and practices in engaging in the misconduct described in this Count.

### Count II – 42 U.S.C. § 1983
### Conspiracy

53. Each paragraph of this Complaint is incorporated as if restated fully herein.

54. Defendants reached an agreement among themselves to deprive Plaintiff of his constitutional rights and to protect one another from liability for depriving Plaintiff of her rights, all as described in the various paragraphs of this Complaint.

55. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

56. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

57. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and she suffered injuries.

58. Plaintiff's death was caused by employees and contractors of Lake County and the Lake County Sheriff's Department, including but not limited to the individually named Defendants, who acted pursuant to the policies and practices of the Lake County Sheriff and of Defendant Correctional Health, as described above.

## Count III – 42 U.S.C. § 1983
### Failure to Intervene
### Against All Defendants Other Than Sheriff Martinez

59. Each paragraph of this Complaint is incorporated as if restated fully herein.

60. As described more fully above, one or more Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

61. Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

62. As a direct and proximate result of the misconduct described in this Count, Plaintif6's rights were violated and she suffered injuries, both physical and emotional.

63. Plaintiff's injuries were caused by employees and contractors of Lake County and the Lake County Sheriff's Department, including but not limited to the individually named Defendants, who acted pursuant to the policies and practices of the Lake County Sheriff and of Defendant Correctional Health, as described above.

## Count IV – State Law Claim:
### Medical Malpractice
### Against All Defendants Other Than Sheriff Martinez

64. Each paragraph of this Complaint is incorporated as if restated fully herein.

65. In the manner described more fully above, Defendants, in rendering medical care And treatment to Plaintiff and/or holding themselves out as professionals who were rendering medical care and treatment to Plaintiff, had a duty to possess and apply the skill and care of reasonably well-qualified physicians in the same and similar circumstances.

66. Defendants, in derogation of their aforementioned duty, were negligent in the

provision of medical care to Plaintiff. Plaintiff's injuries were sustained as a direct and proximate result of one or more of the negligent acts and/or omissions of Defendants.

### Count V – State Law Claim: Respondent Superior
### Against Defendant Correctional Health

67. Each paragraph of this Complaint is incorporated as if restated fully herein.

68. In committing the acts alleged in the preceding paragraphs, Defendant Medical Care Providers were employees, members, and agents of Correctional Health, acting at all relevant times within the scope of his or her employment.

69. Defendant Correctional Health is liable as principals for all torts committed by their agents.

WHEREFORE, Plaintiff, ESTATE OF HUSTON BOND, respectfully requests that this Court enter a judgment in her favor and against Defendants OSCAR MARTINEZ, in his official capacity as SHERIFF OF LAKE COUNTY; COUNTY OF LAKE; KIMBERLY O'CONNOR, individually and in her official capacity as Jail Administrator of Lake County Jail; Dr. WILLIAM FORGEY, individually and in his official capacity as Medical Director of Lake County Jail; UNKNOWN AGENTS, SERVANTS OR EMPLOYEES OF LAKE COUNTY JAIL; CORRECTIONAL HEALTH INDIANA, INC.; and UNKNOWN EMPLOYEES OF CORRECTIONAL HEALTH INDIANA, INC., awarding compensatory damages, punitive damages against the individual-capacity Defendants, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff, ESTATE OF HUSTON BOND, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

    */s/ Patrick W. Young*
Patrick W. Young, Attorney #2224-45

Patrick W. Young
Attorney At Law
4231 Broadway
Gary, IN 46409
(219) 884-2388

## CERTIFICATE OF SERVICE

    I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system then sends notification of the filing to all counsel of record.

    */s/ Patrick W. Young*